JOAN E. COCHRAN, ESQ., SBN 128251
joan@cochranlaw1.com
LISA KRALIK HANSEN, ESQ., SBN 149455
lisa@cochranlaw1.com
**COCHRAN, DAVIS & ASSOCIATES, P.C.**
36 Malaga Cove Plaza, Suite 206
Palos Verdes Estates, CA 90274
(310) 373-0900 - telephone
(310) 373-0244 – facsimile

**Attorneys for Defendant THE GEO GROUP, INC.**

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA ARANDA, AN INDIVIDUAL AND WRONGFUL DEATH HEIR, BRYAN ARANDA, AN INDIVIDUAL AND WRONGFUL DEATH HEIR,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC. d/b/a GEO CALIFORNIA, INC., JAMES JANECKA, INDIVIDUALLY, GREG HILLERS, INDIVIDUALLY, AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No. 5:22-cv-00054 JGB (KKx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED;**<br><br>**DECLARATION OF LISA KRALIK HANSEN;**<br><br>**EXHIBIT**<br><br>*Request for Judicial Notice of Exhibit 1*<br><br>Hearing Date: 2/14/22<br>Time: 9:00 a.m.<br>Courtroom: 1 |

1
_____
MOTION TO DISMISS FOR FAILURE TO STATE CLAIM
Case No. 5:22-cv-00054 JGB (KKx)

1 PLEASE TAKE NOTICE that on February 14, 2022 at 9:00 a.m. in Courtroom 1 of the above-entitled court located at 3470 Twelfth Street, Riverside, California, defendant The GEO Group, Inc. ("GEO") will and herby moves to dismiss the Complaint of Plaintiffs Karla Aranda and Bryan Aranda for failure to state a claim upon which relief can be granted.  This motion is brought pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the plaintiffs have no causation as a matter of law for the claimed wrongful death of decedent Alfredo Aranda Olguin as the decedent was released by GEO from detainment at the Adelanto Detention Facility on February 14, 2018, and decedent died on September 14, 2019 seven months after his release from detainment.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 5 and 12, 2022.

DATED:  January 13, 2022        **COCHRAN, DAVIS & ASSOCIATES, P.C.**

                                *s/ Lisa Kralik Hansen*
                        By: _____
                             JOAN E. COCHRAN, ESQ.
                             LISA KRALIK HANSEN, ESQ.
                        **Attorneys for Defendant THE GEO GROUP, INC.**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ………………………………………………..… 3

II.  THE ALLEGED WRONGFUL DEATH WAS NOT CAUSED BY THE DECEDENT'S DETAINMENT WHICH ENDED SEVEN MONTHS BEFORE HIS DEATH …………..……………………………………….………… 4

    A.   **Causation Can Be Decided As a Question of Law** ……………… 5

    B.   **No Cause-In-Fact Exists and Public Policy Considerations Weigh in Favor of GEO Regarding the Lack of Causation** ……….…………………………………… 8

    C.   **The Decedent's Death Seven Months After Release From Detainment is Too Remote and Attenuated** ……………. 10

    D.   **Seven Months of Possible Intervening Forces Cannot Be Ignored** ……………………………………………………….. 12

III. THE COMPLAINT FAILS TO SATISFY THE PLAUSABILITY TEST ……………………………………….…….. 12

IV.  CONCLUSION ………………………………………………….… 13

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*

    556 U.S. 662 (2009) ……………………………………………..……… 12

*Bromme v. Pavitt*

    5 Cal.App.4th 1487 (1992) ………………………………………….…… 5

*Kamaraperu v. Feldsted*

    237 Cal.App.4th 60 (2015) ………….…………………………………….. 10

*McCaughey v. Liberty Mut. Ins. Co.*

    2020 WL 2568303 (C.D. Cal. Jan. 30, 2020) ……………………………... 5

*Modisette v. Apple Inc.*

    30 Cal.App.5th 136 (2018) …………………………………………… 5, 10

*Norgart v. Upjohn Co.*

    21 Cal.4th 383 (1999) ………………………………………………….. 5

*Novak v. Continental Tire North America*

    22 Cal.App.5th 189 (2018) ……………………………… 6, 7, 10, 11, 12

*Osborn v. Irwin Memorial Blood Bank*

    5 Cal.App.4th 234 (1992) ………….……………………………………… 5

*Salin v. Pacific Gas & Electric Co.*

    136 Cal.App.3d 185 (1982) ……………………………………………… 10

*Starr v. Baca*

    652 F.3d 1202 (9th Cir. 2011) ……………………………………………… 13

*State Dept. of State Hospitals v. Superior Court*

    61 Cal.4th 339 (2015) ……………….…………………………………… 5, 9

*Steinle v. City & County of San Francisco*

    230 F.Supp.3d 994 (N.D. Cal. 2017) ………..……………………………. 6

*Van Horn v. Hornbeack*

    2009 WL 435104 (E.D. Cal. Feb. 19, 2009) ………………………..……… 5

**STATUTES**

Code of Civil Procedure

    § 377.60 ……………………………………………………….……………… 4

Federal Rules of Civil Procedure

    § 8(a)(2) ………………………..………………………………………….. 13

Federal Rules of Evidence

    § 201 ……………………………..………………………………………… 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs alleged in the Complaint that decedent Alfredo Aranda Olguin ("decedent") was detained at the Adelanto Detention Facility operated by The GEO Group, Inc. ("GEO") from August 8, 2017 to September 14, 2019, when he died. (Complaint ¶ 16, 20, 23, 28) However, the decedent was not in GEO's custody at the time of his death. Nor was the decedent in GEO's custody for the seven months prior to his death.

The decedent was released from custody by GEO on February 14, 2018 "OREC" which means on his own recognizance. Pursuant to the OREC Release, the Deportation Officer with the United States Department of Homeland Security issued an Order to Detain or Release Alien to the warden of the Adelanto ICE Processing Center to "release" the decedent "OREC." (OREC Release, Ex. 1)

GEO refers to and attaches the OREC Release with this Motion to Dismiss as the extent of decedent's detainment at the Adelanto Detention Facility is alleged in the Complaint. Contrary to the OREC Release, plaintiffs alleged in the Complaint that "As a result of DECEDENT's [sic] failure to provide appropriate care, DECEDENT was hospitalized and died on September 14, 2019." (Complaint ¶ 20) However, the decedent was not in GEO's custody between February 14,

2018 and September 14, 2019. GEO also requests judicial notice of the OREC Release pursuant to Fed.R.Evid. 201.

Plaintiffs are the alleged wife and son of the decedent who sue GEO for wrongful death pursuant to California Code of Civil Procedure § 377.60. Plaintiffs have alleged a single cause of action for Negligence – Wrongful Death.

GEO contends that plaintiffs cannot state a cause of action for wrongful death because they cannot establish the requisite causal connection between decedent's detainment at the Adelanto Detention Facility (from August 8, 2017 to release on February 14, 2018) and decedent's alleged death on September 14, 2019. Any alleged causation is too remote and attenuated as a matter of law and under the plausibility standards for a complaint. For these reasons, no wrongful death cause of action can be stated against GEO and the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## II. THE ALLEGED WRONGFUL DEATH WAS NOT CAUSED BY THE DECEDENT'S DETAINMENT WHICH ENDED SEVEN MONTHS BEFORE HIS DEATH

Pursuant to California Code of Civil Procedure § 377.60, a wrongful death cause of action may lie by qualifying heirs if the death was "<u>caused by</u> the wrongful act or neglect of another." The elements required to establish a wrongful death cause of action are: "(1) a wrongful act or neglect on the part of

one or more persons that (2) cause[s] (3) the death of [another] person." *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 404 (1999) (internal quotations omitted). "Under section 377, the plaintiff must prove the death was 'caused by' the defendant's wrongful act or neglect, i.e., the wrongful act or neglect was a cause in fact of the death." *Bromme v. Pavitt*, 5 Cal.App.4th 1487, 1497 (1992). Causation between the injury and alleged wrongful death "is ultimately a matter of probability and common sense." *Osborn v. Irwin Memorial Blood Bank*, 5 Cal.App.4th 234, 253 (1992).

"In a wrongful death action resulting from negligence, the complaint must contain allegations as to all elements of actionable negligence." *Van Horn v. Hornbeack*, 2009 WL 435104, *9 (E.D. Cal. Feb. 19, 2009). GEO contends the causation element cannot be stated.

### A.  **Causation Can Be Decided As a Question of Law**.

Where the facts lead to the "only reasonable conclusion" of lack of causation, the question of causation becomes one of law and not fact. See *State Dept. of State Hospitals v. Superior Court*, 61 Cal.4th 339, 353 (2015) ("where the facts are such that the only reasonable conclusion is an absence of causation, the question is one of law, not of fact"); *Modisette v. Apple Inc.*, 30 Cal.App.5th 136, 154 (2018) ("The extent or scope of a defendant's liability is a question of law"). See also, *McCaughey v. Liberty Mut. Ins. Co.*, 2020 WL 2568303, *3 (C.D. Cal.

Jan. 30, 2020) (this court cited *State Dept.* for same proposition); *Steinle v. City & County of San Francisco*, 230 F.Supp.3d 994, 1034 (N.D. Cal. 2017) (citing *State Dept.* for same proposition).

"A number of courts have found, as a matter of law, that a defendant is not liable for an injury only distantly connected to defendant's conduct." *Novak v. Continental Tire North America*, 22 Cal.App.5th 189, 198 (2018). The *Novak* court explained, utilizing *Palsgraf*, as follows:

> The classic case is *Palsgraf v. Long Island Railroad Co.* (1928) 248 N.Y. 339, 162 N.E. 99. Helen Palsgraf "was standing on a platform of defendant's railroad after buying a ticket to go to Rockaway Beach. A train stopped at the station, bound for another place. Two men ran forward to catch it. One of the men reached the platform of the car without mishap, though the train was already moving. The other man, carrying a package, jumped aboard the car, but seemed unsteady as if about to fall. A guard on the car, who had held the door open, reached forward to help him in, and another guard on the platform pushed him from behind. In this act, the package was dislodged, and fell upon the rails. It was a package of small size, about fifteen inches long, and was covered by a newspaper. In fact it contained fireworks, but there was nothing in its appearance to give notice of its contents. The

fireworks when they fell exploded. The shock of the explosion threw down some scales at the other end of the platform many feet away. The scales struck the plaintiff, causing injuries for which she sues." (*Id.* at pp. 340-341, 162 N.E. 99.) Defendant railroad was found not liable because the guard's conduct in assisting one passenger to board a train involved no foreseeable risk to another passenger standing at the opposite end of the platform. (*Id.* at p. 341, 162 N.E. 99.)

*Palsgraf* and other cases denying liability for an injury following an unlikely series of events have sometimes been resolved as a question of duty but, ultimately, are founded on the lack of a close causal connection between the defendant's conduct and the injury suffered. "What is the true reason that so many of us feel that the [*Palsgraf*] case was correctly decided, and that Mrs. Palsgraf should not recover?," Prosser asked. (Prosser, *Palsgraf Revisited*, *supra,* 52 Mich. L.Rev. at p. 27.) "It is that what ... happen[ed] to her is too preposterous. Her connection with the defendant's guards and the package is too tenuous; in the old language, she is too remote. The combination of events and circumstances necessary to injure her is too improbable, too fantastic." (*Ibid.*)

*Novak*, 22 Cal.App.5th at 198.

GEO contends there is a "lack of a close causal connection between the defendant's conduct and the injury suffered" such that the causation issue can be decided as a matter of law with this Motion.

**B.     No Cause-In-Fact Exists and Public Policy Considerations Weigh in Favor of GEO Regarding the Lack of Causation.**

The proper test for causation under California law is the "substantial factor" test, which is a cause-in-fact test, along with public policy considerations.  A cause-in-fact:

> "is something that is a substantial factor in bringing about the injury. The substantial factor standard generally produces the same results as does the 'but for' rule of causation which states that a defendant's conduct is a cause of injury if the injury would not have occurred 'but for' that conduct." *Rutherford v. Owens-Illinois, Inc.*, 16 Cal.4th 953, 968-969 (1997).

Plaintiffs' allegations in the Complaint, in light of the decedent's release from detainment seven months before his alleged death, fail to meet the cause-in-fact test.  Further, decedent's five months of detainment at the Adelanto facility and his death from unstated causes seven months after release lack the requisite causation between any alleged action or inaction of GEO during his detainment

and his death.  As alleged in the Complaint, the decedent "lived with Type 2 Diabetes for many years" before his detainment (Complaint ¶ 15, p. 5:9) and had "liver disease" and "other ailments."  (Complaint ¶ 19, p. 6:4-5)  Plaintiffs alleged that decedent "was hospitalized and died on September 14, 2019."  (Complaint ¶ 20, p. 6:17-18)  However, the decedent did not die "while in the custody and control of Defendants" (Complaint ¶ 28) but, instead, died seven months *after* his release from the Adelanto Detention Facility.  (OREC Release, Ex. 1)

The public policy aspect of causation supports no liability on the part of GEO in this case.  Proximate cause entails "'various considerations of policy that limit an actor's responsibility for the consequences of his conduct.'"  *State Dept. of State Hospitals*, 61 Cal.4th at 353 (citations omitted).  As further explained by the California Supreme Court in that case:

> As Witkin puts it, "[t]he doctrine of proximate cause limits liability; i.e., in certain situations where the defendant's conduct is an actual cause of the harm, the defendant will nevertheless be absolved because of the manner in which the injury occurred.... Rules of legal cause ... operate to relieve the defendant whose conduct is a cause in fact of the injury, where it would be considered unjust to hold him or her legally responsible." (6 Witkin, Summary of Cal. Law, *supra,* Torts, § 1186, p. 553.)

9

MOTION TO DISMISS FOR FAILURE TO STATE CLAIM
Case No. 5:22-cv-00054 JGB (KKx)

*Id*.

"As a matter of practical necessity, legal responsibility to pay must be limited to those causes which are so close to the result, or of such significance as causes, that the law is justified in making the defendant pay." *Kamaraperu v. Feldsted*, 237 Cal.App.4th 60, 68 (2015). The court's role is to decide whether "it is just to hold a defendant liable for an injury in the first instance." *Modisette*, 30 Cal.App.5th at 155 (California Court of Appeal affirmed the trial court sustaining a demurrer without leave to amend).

### C. The Decedent's Death Seven Months After Release From Detainment is Too Remote and Attenuated.

A cause that is too remote or attenuated is not a legal cause. See *Novak*, 22 Cal.App.5th at 196 ("The question is whether there is a sufficient connection between the risks created by defendants' conduct and the injury [plaintiff] suffered to hold defendants responsible"); *Salin v. Pacific Gas & Electric Co*., 136 Cal.App.3d 185, 190 (1982) ("In a Code of Civil Procedure section 377 wrongful death action, it must, of course, be established that the 'proximate cause' of the death was the negligence or other wrongful act of the defendant").

Even if a defendant "set in motion a series of events that led" to the alleged injury, the "connection between defendants' conduct and the injury suffered" can be "too attenuated" to show the injury was "within the scope of the risk created by

defendants' conduct." *Novak*, 22 Cal.App.5th at 196-197.  An injury that is "connected only distantly and indirectly to defendant's negligent act" is not enough.  *Novak*, 22 Cal.App.5th at 197 (citing Rest. 2d Torts § 435(2)).

Here, plaintiffs cannot connect decedent's death to his detainment.  Any claimed death seven months after the decedent was released from the Adelanto Detention Facility is too remote and too attenuated.

In *Novak*, the decedent was involved in a car accident when his tire blew out.  Six years later he died after being struck in a crosswalk while riding a mobility scooter that was necessitated by the car accident.  The California Court of Appeal affirmed summary judgment in favor of the defendant in that case due to an insufficient causal link.  Here, there is an insufficient causal link between decedent's death and any alleged action or inaction of GEO during his detainment at the Adelanto Detention Facility.

As the *Novak* court noted, "[a] number of courts have found, as a matter of law, that a defendant is not liable for an injury only distantly connected to defendant's conduct."  22 Cal.App.5th at 200.  In this case, the allegations are insufficient to link decedent's death to any action or inaction of GEO during decedent's detainment – there is too much "distance" between release from detainment and the alleged death.

///

**D. Seven Months of Possible Intervening Forces Cannot Be Ignored**.

"Proximate cause analysis is also concerned with intervening forces operating independent of defendant's conduct." *Novak*, 22 Cal.App.5th at 197. Here, the decedent's alleged death occurred seven months after GEO released him. (OREC Release, Ex. 1) There are any number of "intervening forces" that led to his death after his release from the Adelanto facility. In this case, plaintiffs have only speculation which is not enough to survive this Motion.

## III. THE COMPLAINT FAILS TO SATISFY THE PLAUSABILITY TEST

The Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of the cause of action will not do." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. at 679. The factual allegations must arise "above a speculative level." *Twombly*, 550 U.S. at 555. The "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be

12

subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The Complaint fails to meet the plausibility standard to give GEO "fair notice" of the claim and the grounds upon which it rests. See Fed.R.Civ.P. 8(a)(2). The decedent was released from the Adelanto Detention Facility on February 14, 2018. (OREC Release, Ex. 1) Plaintiffs do not even allege the cause(s) of decedent's death to show how his death is somehow related to GEO's alleged action or inaction. Thus, the plausibility standard has not been met (and cannot be met).

## IV. CONCLUSION

Plaintiffs lack the requisite causal connection between decedent's detainment at the Adelanto Detention Facility and his death seven months after his release from that facility. Plaintiffs' single claim of wrongful death is too remote and too attenuated. The plausibility standard has not been met. As these plaintiffs cannot met the causation element to sue GEO for wrongful death, GEO's motion to dismiss should be granted.

DATED:  January 13, 2022          **COCHRAN, DAVIS & ASSOCIATES, P.C.**

                                  *s/ Lisa Kralik Hansen*
                                  By: _____
                                      JOAN E. COCHRAN, ESQ.
                                      LISA KRALIK HANSEN, ESQ.
                                  **Attorneys for Defendant THE GEO GROUP, INC.**

13
_____
MOTION TO DISMISS FOR FAILURE TO STATE CLAIM
Case No. 5:22-cv-00054 JGB (KKx)

# DECLARATION OF LISA KRALIK HANSEN

I am counsel of record for defendant The GEO Group, Inc. ("GEO") in this matter. This Declaration is submitted in support of GEO's motion to dismiss for failure to state a claim upon which relief can be granted. If called and sworn as a witness, I could and would testify competently to the following:

1. In the Complaint, plaintiffs alleged or by their allegations imply that decedent Alfredo Aranda Olguin was in GEO's custody at the Adelanto detention facility from August 8, 2017 to his death on September 14, 2019. Decedent's detainee records contain an OREC Release which shows decedent was released from GEO's custody on February 14, 2018. "OREC" means on one's own recognizance. As the OREC Release shows decedent's release from GEO's custody seven months before his alleged death, GEO contends that plaintiffs cannot state a claim for wrongful death.

2. A true and correct copy of the OREC Release is attached hereto as **Exhibit 1**. The OREC Release was provided to plaintiffs' counsel in the pre-filing meet and confer process.

///

///

///

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of America.  Executed at Palos Verdes Estates, California on January 13, 2022.

         */s/ Lisa Kralik Hansen*

         Lisa Kralik Hansen

## ORDER TO DETAIN OR RELEASE ALIEN

**TO: (NAME and TITLE of Person in Charge of Facility)** WARDEN JANECKA

**(Name of Facility)** Adelanto ICE Processing Center

**Please** ☐ Detain  ☑ Release  OREC

**Date:** 2/14/2018  **Time:**

**Name of Alien:** Aranda Holguin, Alfredo

**File Number:** A# 090 797 042

| Age | Date of Birth (Mo.Day.Yr.) | Sex | Nationality | Foreign Address |
|---|---|---|---|---|
|  | 4/22/1975 | M | MEXICO |  |

**Nature of Proceedings:** NTA

**Signature of Officer Receiving Alien:**

**REMARKS:**

**Signature of Officer Authorizing Action:** E. Henry

**Title:** Deportation Officer

**Office:** Adelanto, CA

Form I-203 (Rev. 08/01/07)

UNITED STATES DEPARTMENT OF HOMELAND SECURITY

Exhibit "1"

16

# CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I electronically served *NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; DECLARATION OF LISA KRALIK HANSEN; EXHIBIT* on the following party:

Gabriel Sepulveda-Sanchez, Esq.  
SEPULVEDA SANCHEZ LAW, PC  
811 Traction Avenue Suite 2A  
Los Angeles, CA 90013  

**Attorney for Plaintiffs,
KARLA ARANDA and BRYAN ARANDA**

Tel: (213) 426-1051  
Fax: :(213)426-1052  
Email: Gabriel@sepulvedalawgroup.com

John W. Stenson. Esq.  
LAW OFFICES OF JOHN W. STENSON  
5l5 S. Flower Street, 18th Floor  
Los Angeles, CA 90071  

**Attorney for Plaintiffs,
KARLA ARANDA and BRYAN ARANDA**

Tel: (310) 846-1709  
Fax: (323) 313-0004  
Email: jws@stensonlaw.com

/s/ Lisa Kralik Hansen, Esq.  
Lisa Kralik Hansen