UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-00054 JGB (KKx)** | Date | April 7, 2022 |
|---|---|---|---|
| Title | ***Karla Aranda, et al. v. The GEO Group, Inc., et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ/Tanisha Carrillo | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 7); and (2) VACATING the April 11, 2022 Hearing (IN CHAMBERS)

Before the Court is Defendant The GEO Group, Inc.'s ("GEO") motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 7.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court VACATES the April 11, 2022 hearing.

### I. BACKGROUND

On September 13, 2021, Plaintiffs Karla Aranda ("Mrs. Aranda") and Bryan Aranda ("Bryan") (collectively, "Plaintiffs") filed a complaint against Defendants GEO, James Janecka, Greg Hillers, and Does 1 through 100 in the Superior Court of California for the County of San Bernardino. ("Complaint," Dkt. No. 1, Ex. 1.) Plaintiffs assert a wrongful death action on a negligence theory arising from the death of Alfredo Aranda Olguin ("Mr. Aranda"). (See Compl.)

GEO received service of the Complaint on December 8, 2021. (Dkt. No. 1, Ex. 2.) On January 6, 2022, GEO timely removed the action. ("Notice of Removal," Dkt. No. 1.)

On January 13, 2022, GEO filed the instant Motion. (See Mot.) In support, GEO filed the declaration of Lisa Kralik Hansen. ("Hansen Declaration," Mot. at 17–18.)

On January 24, 2022, Plaintiffs opposed. ("Opposition," Dkt. No. 10.) In support of the Opposition, Plaintiffs also filed the declaration of Gabriel Sepulveda-Sanchez. ("Sepulveda-Sanchez Declaration," Opp'n at 16–17.)

On January 31, 2022, GEO replied. ("Reply," Dkt. No 12.)

## II.    FACTUAL ALLEGATIONS

The following allegations are accepted as true for the purposes of the Motion:

Plaintiff Mrs. Aranda is the wife of Alfredo Aranda Olguin ("Decedent" or "Mr. Aranda"). (Compl. ¶ 1.) Bryan is Mr. Aranda's son. (Id. ¶ 2.) GEO is a private prison company that manages, among other facilities, the High Desert Detention Center in Adelanto, California ("Adelanto"). (Id. ¶¶ 12, 15.)

On August 8, 2017, Mr. Aranda was transferred from the San Bernardino County Jail to Adelanto. (Id. ¶ 15.) He had pending administrative proceedings regarding his immigration status, as well as other issues. (Id.) At the time, Mr. Aranda had Type 2 Diabetes. (Id.) Prior to his transfer to Adelanto, Mr. Aranda was managing his health with appropriate medical care and did not have any serious complications. (Id.)

Plaintiffs allege that upon Mr. Aranda's arrival at Adelanto, Defendants failed to properly screen him for his medical conditions. (Id. ¶ 17.) Moreover, during Mr. Aranda's detention at Adelanto, GEO failed to provide the proper medication, examinations, treatments, and health care necessary to manage Mr. Adelanto's health condition. (Id. ¶¶ 16, 18.)

Plaintiffs allege that Mr. Aranda informed Defendants of his health conditions, including Type 2 Diabetes. (Id. ¶ 17.) He also informed Defendants that he was prescribed and taking specific medications for his medical condition, and that he required a specific diet to manage his Type 2 Diabetes and liver disease. (Id.) Defendants had knowledge of Mr. Aranda's liver disease and Type 2 Diabetes diagnoses, as well as his other ailments. (Id. ¶ 19.) Mr. Aranda and his co-detainees attempted to alert GEO employees and personnel of Mr. Aranda's declining health condition, but their efforts were futile. (Id.) On multiple occasions, Defendants ignored Mr. Aranda's medical condition and failed to facilitate timely and appropriate emergency medical treatment. (Id.)

Due to the lack of care, Mr. Aranda experienced unnecessary pain, discomfort, anxiety, humiliation, and suffering during his detention. (Id.) Mr. Aranda's health began to deteriorate. (Id. ¶ 20.) Even then, Defendants failed to properly medicate Mr. Aranda, fill his dietary needs, properly administer his dialysis, or facilitate timely and appropriate access to off-site treatments. (Id.) Mr. Aranda was hospitalized on various occasions because of Defendants' failure to manage Mr. Aranda's medical conditions.

//

On February 14, 2018, Mr. Aranda was released from Adelanto. (Hansen Decl., Ex. 1.) Following hospitalization, Mr. Aranda died on September 14, 2019. (Compl. ¶ 20.)

Plaintiffs allege that they are entitled to compensation for the damages caused by Defendants' wrongful conduct resulting in Mr. Aranda's death. (Id.)

### III.   LEGAL STANDARD

**A.  Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") tests the legal sufficiency of the claims asserted in a complaint. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Factual allegations must be enough to "raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Id.; see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). In considering a Rule 12(b)(6) motion to dismiss, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Federal Rule of Civil Procedure 15 ("Rule 15") provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).

## IV.   DISCUSSION

### A.   Request for Judicial Notice

GEO requests that the Court take judicial notice of Mr. Aranda's release report from the U.S. Department of Homeland Security.  ("RJN," Hansen Decl., Ex. 1.)  "In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto."  Gerritsen v. Warner Bros. Entmt. Inc., 112 F. Supp. 3d 1011, 1019 (C.D. Cal. 2015).  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 98 (9th Cir. 2003).  The Court "may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Here, because the release report confirms the parties' statements that Mr. Aranda was released from Adelanto on February 14, 2018, the Court finds the document appropriate for judicial notice.  Accordingly, the Court GRANTS the RJN.

### B.   Count One: Wrongful Death – Negligence

Plaintiffs allege that GEO's negligent acts caused Mr. Aranda's wrongful death.  (See FAC.)  GEO moves to dismiss the action on the basis that Plaintiffs fail to allege causation.  (See Mot.)  According to GEO, Mr. Aranda was released from Adelanto on February 14, 2018 and died outside of GEO custody on September 14, 2019.  (Id. at 2–3.)  Plaintiffs admit this fact, but claim that they have sufficiently alleged that GEO's inadequate provision of medical care during Mr. Aranda's time in custody proximately caused his death.  (Opp'n at 3 n.1, 7–14.)  For the reasons below, the Court agrees with GEO.

Section 377.60 of the California Code of Civil Procedure "authorizes a wrongful death action by specified persons including the decedent's spouse and children."  Ruiz v. Podolsky, 50 Cal. 4th 838, 844 (2010).  The elements of a wrongful death claim are "(1) a 'wrongful act or neglect' on the part of one or more persons that (2) 'cause[s]' (3) the 'death of [another] person.'"  Norgart v. Upjohn Co., 21 Cal. 4th 383, 390 (1999) (quoting Cal. Code Civ. Proc. § 377.60).  The requisite causation for a wrongful death action mirrors that of a negligence claim: a plaintiff "must demonstrate that the defendant's conduct was a substantial factor in bringing about the injury or death."  Sinclair for Tucker v. Twitter, Inc., 2019 WL 10252752, at *7 (N.D. Cal. Mar. 20, 2019); see also Bromme v. Pavitt, 5 Cal. App. 4th 1487, 1497 (1992) (noting that "[t]o be a cause in fact [under Section 377.60], the wrongful act must be 'a substantial factor in bringing about' the death" (citing Mitchell v. Gonzales, 54 Cal. 3d 1041, 1052–53 (1991))); Sandoval v. Bank of America, 94 Cal. App. 4th 1378, 1385 (2002) ("[T]he causation element of negligence is satisfied when the plaintiff establishes (1) that the defendant's breach of duty … was a substantial factor in bringing about the plaintiff's harm and (2) that there is not rule of law relieving the defendant of liability.").

As an initial matter, the Court finds that Mr. Aranda was released from GEO custody on February 14, 2018. Throughout their papers, both parties state that Mr. Aranda was released on that date, but then state that he passed away "seven months" after his release.[1] (Mot. at 2–3; Reply at 10; Hansen Decl. ¶ 1; Opp'n at 3, 9.) However, as discussed above in the RJN, GEO submits documentation that shows Mr. Aranda was released on February 14, 2018, and Plaintiffs admit that "Defendants' assertion that Decedent was released on February 14, 2018 as stated in their moving papers at Page 1, Line 6 [is] true and accurate." (Opp'n at 3 n.1.) Accordingly, the Court deems this fact as true and only considers the allegations in the Complaint pertaining to GEO's acts or omissions from August 2017 to February 14, 2018.

Under these narrowed allegations, the Court finds that Plaintiffs fail to state a claim. The Complaint alleges that GEO failed to provide Mr. Aranda with adequate care from "August 2017 through September 2019":

- "[F]rom approximately August 2017 to September 2019, Defendants failed to provide the proper medication, examinations, treatments and health care necessary to manage DECEDENT health conditions." (Compl. ¶ 16.)

- "[O]n or about August 2017 through September 2019, Defendants failed to perform proper examinations in response to DECEDENT's physical complaints and failed to obtain DECEDENT's medical record history necessary to determine DECEDENT's plan of care. In addition, Defendants denied DECEDENT access to the correct medications necessary to treat his health conditions. On the other hand, Defendants administered medications to DECEDENT with insufficient information given to DECEDENT regarding the identity and nature of the medication." (Id. ¶ 18.)

- "On or about August 2017 and through September 2019, Defendants willfully and/or negligently failed to provide reasonable supervision, and management of DECEDENT's health care needs while DECEDENT was in the custody and control at the High Desert Detention Center." (Id. ¶ 23.)

- "On or about August 2017 through September 2019, Defendants were in violation of California law, detention standards of care and confinement, and their own policies and procedures, which resulted in DECEDENTS's death." (Id. ¶ 26.)

At base, the Complaint relies significantly on drawing an inference between GEO's actions from "August 2017 through September 2019" and Mr. Aranda's death "on September 14, 2019." (Compl. ¶¶ 16–18, 20, 23–26.) Without the misleading and overstated allegations, however, there are insufficient facts to show that GEO's acts during Mr. Aranda's detention at

---

[1] The Court also reminds the parties that Counsel's signatures on documents filed with the Court is an attestation "to the truthfulness of an affidavit or declaration." L.R. 5-4.3.4(c). The submission of false information is sanctionable. L.R. 11-9; L.R. 83-2.2.4.

Adelanto were a substantial factor in bringing about his death. Plaintiffs' attempts to demonstrate foreseeability in the Opposition cannot hide the glaring absence of such facts in the Complaint. (Sepulveda-Sanchez Decl. ¶ 2.)

Plaintiffs' reliance on Section 7320 of the California Government Code is also unavailing. In the Complaint, Plaintiffs seek "reasonable attorney's fees and costs, including expert witness fees pursuant to Section 7320 of the California Government Code." (Compl. ¶ 30.) Plaintiffs never allege a cause of action under this provision.

Accordingly, the Court concludes that Plaintiffs fail to state a wrongful death action premised on negligence. The Court GRANTS the Motion WITH LEAVE TO AMEND.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion WITH LEAVE TO AMEND. The hearing set for April 11, 2022 is VACATED. Any amended complaint shall be filed no later than April 18, 2022.

**IT IS SO ORDERED.**