Gabriel Sepulveda-Sanchez, Esq.  Bar No. 283326
SEPULVEDA SANCHEZ LAW, PC
811 Traction Avenue Suite 2A
Los Angeles, CA 90013
Tel: (213) 426-1051
Fax: (213) 426-1052

John W. Stenson, Esq. Bar No. 255120
LAW OFFICES OF JOHN W. STENSON
515 S. FLOWER ST. 18th FL
Los Angeles, CA 90071
Tel: (310) 846-1709
Fax: (323) 313-0004

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| KARLA ARANDA, an individual and wrongful death heir, BRYAN ARANDA, an individual, and wrongful death heir<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC. d/b/a GEO CALIFORNIA, INC.<br><br>Defendants. | Case No:  EDCV 22-00054 JGB (KKx)<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL ("First Amended Complaint")<br><br>The Honorable Jesus G. Bernal, United States District Judge |

# I. PARTIES

1. Plaintiff Karla Aranda ("ARANDA") is the wife of Alfredo Aranda Olguin ("DECEDENT") ARANDA is now, and at all times relevant hereto a resident of the City of Los Angeles, County of Los Angeles, in the State of California and brings this action as a wrongful death heir.

2. Plaintiff Bryan Aranda ("BRYAN") is the biological son of DECEDENT. BRYAN is now, and at all times relevant hereto a resident of the City of Los Angeles, County of Los Angeles, in the State of California. BRYAN brings this action as a wrongful death heir.

3. Defendant GEO GROUP INC, ("GEO") is a corporation duly formed under the laws of Florida and California, and at all times relevant herein, is and was authorized to do business in California as "GEO CALIFORNIA, INC.," under California Corporate Number C161279.

4. Defendant GEO's Western Regional Office is located at 6100 Center Drive, Suite 825, Los Angeles, California, 90045.[1]

# II. JURISDICTION AND VENUE

5. Federal diversity jurisdiction exists pursuant to 28 U.S.C § 1332. Plaintiffs are citizens of the State of California. GEO is a Florida corporation with its principal place of business in Florida. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

6. Venue is proper in the Central District of California- Western Division pursuant to U.S.C. § 1391 because GEO is located in this District, conducts business in this District and a substantial part of the events or omissions on which the claims asserted herein are based and occurred in this District giving rise to this First Amended Complaint.

---

[1] https://www.geogroup.com/Locations#us-corrections

## III. DEFENDANTS

7. GEO is a private prison company that employs personnel to provide correction and detention management, and health services to federal, state, and local government agencies. GEO's Corrections & Detention division was established in 1984 to provide secure corrections and detention management services. GEO's Correction & Detention division intakes, houses, and provides transportation services for offenders.[2] Worldwide, GEO Corrections & Detention division oversees 141 correctional and detention facilities. In the United States, this division oversees the operation and management of 71 correctional and detention facilities. This represents the fifth largest correctional system in the United States.[3]

8. The oversight of GEO's United States Corrections & Detention facilities is coordinated from three regional offices located in Charlotte, North Carolina; San Antonio, Texas, and Los Angeles, California. Each regional operating structure is headed by a Regional Vice President who oversees individuals responsible for security, medical, financial, human resources and other support services.

9. GEO touts itself as a national leader in the finance, design, construction and management of correctional, detention and community reentry facilities.[4] As of 2015, GEO Corrections & Detention operated multiple prisons in California, including Adelanto. Geo reported net income of $113.0 million, or $0.94 per diluted shares and total revenues of $2.35 billion for 2020.[5]

---

[2] https://www.geogroup.com/GEO_Corrections
[3] https://www.geogroup.com/Management_and_Operations
[4] https://www.geogroup.com/Design Build Finance/Lease, last visited Sept 27, 2017.
[5] https://www.businesswire.com/news/home/20210216005435/en/The-GEO-Group-Reports-Fourth-Quarter-and-Full-Year-2020-Results-and-Issues-2021-Guidance

## IV. STATEMENT OF FACTS

10. Plaintiffs are informed and believe, and thereon allege that the Adelanto ICE Processing Center in Adelanto, California ("Adelanto"), owned and operated by GEO, houses up to 1,940 U.S. Immigration and Customs Enforcement ("ICE") detainees through an Intergovernmental Service Agreement.[6]

11. Plaintiffs are informed and believe, and thereon allege the Intergovernmental Service Agreement was established between the City of Adelanto and ICE. Based on that agreement, Adelanto was required to comply with ICE's 2011 Performance-Based National Detention Standards, as revised in December 2016 (the "PBNDS").[7] Those detention standards established requirements related to, among other things, detainee's medical care.

12. Plaintiffs are informed and believe, and thereon allege that ICE's PBNDS ensured that detainees had access to appropriate and necessary medical care, including emergency services. The PBNDS required that a detainee shall receive continuity of care from the time of admission to Adelanto to the time of transfer, or release.

13. On August 8, 2017, DECEDENT was a 44-year-old inmate in the custody and control of GEO at Adelanto. DECEDENT was transferred to Adelanto from the San Bernardino County Jail pending an administrative proceeding to determine, among other things, his immigration status in the United States. At the time of his initial incarceration at Adelanto, DECEDENT lived with Type 2 Diabetes for many years. Prior to being held at Adelanto, DECEDENT was managing his health with appropriate medical care and did not have any serious complications.

14. Plaintiffs are informed and believe, and thereon allege that from approximately August 2017 to February 14, 2018, GEO failed to provide a continuity of medical care from the time of DECEDENT's arrival to the time of his transfer which included, among other things: proper medication, examinations, treatments and health care necessary to manage DECEDENT's health condition.

---

[6] https://www.oig.dhs.gov/sites/default/files/assets/Mga/2018/oig-18-86-sep18.pdf
[7] https://www.ice.gov/doclib/detention-standards/2011/pbnds2011r2016.pdf

15. Plaintiffs are informed and believe, and thereon allege that ICE's PBNDS required that each detainee receive a comprehensive medical examination and, among other things, intake screening as soon as possible, upon arrival at Adelanto.

16. Plaintiffs are informed and believe, and thereon allege that GEO failed to properly screen DECEDENT's for his medical condition upon arrival to Adelanto. Further, GEO failed to obtain DECEDENT's medical record history in order to determine DECEDENT's proper plan of care.

17. Plaintiffs are informed and believe, and thereon allege that ICE's PBNDS required that prescriptions and medications be ordered, dispensed and administered in a timely manner to a detainee and as prescribed by a licensed health care professional.

18. Plaintiffs are informed and believe, and thereon allege that on numerous occasions, DECEDENT informed GEO of his Type 2 Diabetes. DECEDENT informed GEO that he was prescribed and taking specific medications to manage his medical condition and that he required a specific diet in order to manage his needs Type 2 Diabetes. GEO denied DECEDENT access to the correct medications necessary to treat his health condition. On the other hand, GEO administered medications to DECEDENT with insufficient information given to DECEDENT regarding the identity and nature of the medication. DECEDENT experienced adverse bodily reactions as a result from the ingestion of the medications administered by GEO.

19. Plaintiffs are informed and believe and thereon allege that at all times relevant, GEO had knowledge DECEDENT was diagnosed with Type 2 Diabetes.

20. Plaintiffs are informed and believe and thereon allege that at all times relevant that PBNDS required that emergency medical and mental health service shall be available to all detainees. On multiple occasions, DECEDENT, ARANDA and a fellow inmate, made continuous attempts to alert GEO employees and personnel of DECEDENT's declining health condition. GEO ignored DECEDENT's medical condition and failed to facilitate timely and appropriate emergency medical treatment when necessary. As a result, DECEDENT was forced to experience unnecessary pain, discomfort, anxiety, humiliation and suffering while in the confines of his cell.

21. Plaintiffs are informed and believe and thereon allege that at all times relevant PBNDS required that a detainee who needed health care beyond facility resources at Adelanto be transferred in a timely manner to an appropriate facility.

22. Plaintiffs are informed and believe and thereon allege that at all times relevant, DECEDENT's health began to deteriorate and that GEO employees and personnel failed to facilitate timely and appropriate access to off-site treatments.

23. Plaintiffs are informed and thereon allege that while in GEO's custody and control, DECEDENT was hospitalized and directly placed into a local hospital by GEO personnel. On February 14, 2018, while DECEDENT was hospitalized, GEO released DECEDENT from Adelanto. DECEDENT remained in the local hospital for multiple weeks as a result of the substandard care he received at Adelanto. DECEDENT's doctors opined that the injuries done to DECEDENT's health at the hands of GEO was irreversible.

24. Plaintiffs are informed and thereon allege that DECEDENT was informed by licensed medical professionals after his release from Adelanto that his health deteriorated from Type 2 Diabetes at the time of his arrival at Adelanto to severe kidney disease and other conditions.

25. Plaintiffs are informed and thereon allege that on or about September 27, 2018, GEO was alerted by the Department of Homeland Security Office of Inspection General ("DHS OIG") that Adelanto in May 2018 was in violation of numerous PBNDS and addressed, among other things, Adelanto's untimely and inadequate detainee medical care.[8]

26. Plaintiffs are informed and thereon allege that the DHS OIG found the issues at Adelanto not only constituted violations of the PBNDS but also represented significant threats to the safety, rights and health of the detainees.

27. Plaintiffs are informed and believe, and thereon allege that from November 2017 to April 2018, detainees, including DECEDENT, filed multiple medical grievances with Adelanto as a result of not receiving urgent care, not being seen for months for persistent health conditions and not receiving prescribed medication.

---

[8] https://www.oig.dhs.gov/sites/default/files/assets/Mga/2018/oig-18-86-sep18.pdf

28. Plaintiffs are informed and believe, and thereon allege that from November 2017 to April 2018, it was reported that wait times at Adelanto to see a medical provider for both acute illness/injury and chronic care needs were excessively long and medical care deficiencies related to providing necessary and adequate care in a timely manner.

29. Plaintiffs are informed and believe, and thereon allege that DECEDENT was among the detainees who experienced long wait times and medical care deficiencies.

30. DECEDENT health deteriorated from the time of his admission to Adelanto to his direct release to a local hospital on February 14, 2018. Plaintiffs are informed and thereon allege that DECEDENT was informed by licensed medical professionals after his release from Adelanto that his health deteriorated from Type 2 Diabetes at the time of his arrival at Adelanto to severe kidney disease and other irreversible conditions due to the lack of appropriate medical care at Adelanto.

31. DECEDENT died on September 14, 2019, DECEDENT is survived by his wife, ARANDA and son, BRYAN. Plaintiffs are entitled to be compensated for the damages caused by GEO's wrongful conduct, and therefore are now suing GEO on the causes of actions in the following paragraphs.

## V.
## FIRST CAUSE OF ACTION
## NEGLIGENCE-WRONGFUL DEATH

(By Plaintiff Karla Aranda, wrongful death heir, individually and Bryan Aranda, wrongful death heir, individually, against GEO)

32. Plaintiffs re-allege and incorporate by reference all allegations stated in each preceding paragraph.

33. At all times mentioned herein, GEO, owed a duty of care to DECEDENT, to provide reasonable supervision and management of DECEDENT's health care needs.

34. On or about August 2017 and through February 14, 2018, GEO willfully and/or negligently failed to provide reasonable supervision, and management of DECEDENT's health care needs while DECEDENT was GEO's custody and control at Adelanto.

35. Plaintiffs are informed and believe, and thereon allege, that on or about August 2017 through February 14, 2018, GEO willfully and/or negligently failed to provide reasonable supervision,

and management of DECEDENT's Type 2 Diabetes when they failed to perform proper physical examinations in response to DECEDENT's complaints and failed to pursue DECEDENT's medical record history which was necessary to the stability and control of DECEDENT's medical condition upon his arrival at Adelanto. GEO denied DECEDENT access to proper medications to treat his health Type 2 Diabetes, failed to facilitate timely emergency care and appropriate access to off-site treatments, did not provide an appropriate diet, among other things, which were all substantial factors in DECEDENT's deterioration of health from his Type 2 Diabetes to severe kidney disease and other irreversible conditions and ultimately his death.

36. Plaintiffs are informed and believe, and thereon allege, that on or about August 2017 through February 14, 2018, DECEDENT suffered severe injuries and ultimately, a deterioration of his health from his Type 2 Diabetes to severe kidney disease and other irreversible conditions and ultimately death, that was a result of GEO's willful acts and/or negligent failure to provide reasonable supervision and management DECEDENT's health care from the time of his arrival to Adelanto until his transfer.

37. On or about August 2017 through February 14, 2018, GEO was in violation of California law, detention standards of care and confinement, the PBNDS and their own policies and procedures which resulted in DECEDENT's deterioration of health and ultimately death.

38. In addition, GEO negligently trained, hired, supervised, and retained prison and medical personnel that ultimately failed to provide reasonable care and/or skill in the management of DECEDENT's health care. This negligence was a substantial factor in the deterioration of DECEDENT's health from his Type 2 Diabetes at the time of his arrival to his transfer on February 14, 2018 to a local hospital where he remained for several weeks and his later diagnosis of severe kidney disease and other irreversible conditions.

39. As a proximate result of the negligence and carelessness of GEO, DECEDENT sustained a rapid deterioration of his health from the time of his arrival at Adelanto to his transfer to a local hospital and his untimely death at the age of 44 years old on September 14, 2019.

43. Furthermore, by reason of DECEDENT's death, Plaintiffs, have been permanently deprived of the love, care, companionship, comfort, services, society, solace, affection, instruction,

advice, training, guidance, protection counsel, support, contributions, accumulations, inheritance and right of inheritance of DECEDENT, and have suffered grief and sorrow, all to their damages in an amount within the jurisdiction of this court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against GEO as follows:

1. As against GEO, for compensatory and general damages, past, present, and future, and for funeral and burial expenses, loss of financial support, loss of household services, loss of gifts and benefits, loss of love, companionship, comfort, care, assistance, protection, affection, society and moral support, and loss of DECEDENTS' training and guidance in an amount according to proof and in excess of this Court's jurisdiction.

2. For legal interest on the judgment.

3. For costs of the suit incurred herein, and

4. For such other and further relief as the Court may deem just and proper.

Dated: April 14, 2022                                          SEPULVEDA SANCHEZ LAW, P.C.


By: *Gabriel Sepulveda Sanchez*
Gabriel Sepulveda-Sanchez and John W. Stenson, Attorneys for Plaintiffs