UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 22-54 JGB (KKx)** | Date | August 30, 2022 |
| Title | ***Karla Aranda, et al. v. The GEO Group, Inc., et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Defendant's Motion to Dismiss (Dkt. No. 22); and (2) VACATING the September 12, 2022 Hearing (IN CHAMBERS)

   Before the Court is a motion to dismiss filed by Defendant The GEO Group, Inc. ("GEO") pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 22.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court VACATES the September 12, 2022 hearing.

## I. BACKGROUND

   On September 13, 2021, Plaintiffs Karla Aranda ("Ms. Aranda") and Bryan Aranda ("Bryan") (collectively, "Plaintiffs") filed a complaint against GEO, James Janecka, Greg Hillers, and Does 1 through 100 (collectively, "Defendants") in the Superior Court of California for the County of San Bernardino. ("Complaint," Dkt. No. 1, Ex. 1.) The Complaint asserted a wrongful death action on a negligence theory arising from the death of Alfredo Aranda Olguin ("Mr. Aranda"), Ms. Aranda's husband. (See id.) On January 6, 2022, GEO timely removed the action. ("Notice of Removal," Dkt. No. 1.)

   On April 7, 2022, the Court granted GEO's motion to dismiss and dismissed Plaintiffs' negligence claim on the basis that they had insufficiently pled causation between GEO's purported breach and Mr. Aranda's death. ("MTD Order," Dkt. No. 19.)

   On April 14, 2022, Plaintiffs filed a first amended complaint. ("FAC," Dkt. No. 20.) The FAC again alleges a wrongful death cause of action for negligence. (See id.)

On April 28, 2022, GEO filed the instant Motion.  (See Mot.)  On June 16, 2022, Plaintiffs opposed.  ("Opposition," Dkt. No. 23.)  On June 27, 2022, GEO replied.  ("Reply," Dkt. No. 24.)

## II.   FACTUAL ALLEGATIONS

The following allegations are accepted as true for the purposes of the Motion.

Plaintiff Ms. Aranda is the wife of Alfredo Aranda Olguin ("Decedent" or "Mr. Aranda").  (FAC ¶ 1.)  Plaintiff Bryan Aranda is Mr. Aranda's son.  (Id. ¶ 2.)  Defendant GEO is a private prison company that manages, among other facilities, the Adelanto ICE Processing Center in Adelanto, California ("Adelanto").  (Id. ¶¶ 7–10.)

GEO operates Adelanto through an Intergovernmental Service Agreement with U.S. Immigrations and Customs Enforcement ("ICE").  (Id. ¶ 10.)  This agreement requires Adelanto to comply with ICE's 2011 Performance-Based National Detention Standards, as revised in December 2016 ("PBNDS").  (Id. ¶ 11.)  The PBNDS includes requirements related to detainee's medical care.  (Id.)  The PBNDS ensures that detainees have access to appropriate and necessary medical care, including emergency services.  Detainees are entitled to receive continuity of care from the time of admission to Adelanto to the time of transfer or release, to a comprehensive medical examination and, among other things, to intake screening as soon as possible upon arrival at Adelanto.  (Id. ¶¶ 12, 15.)  The PBNDS further requires the facility to timely order, dispense, and administer prescriptions and medications to a detainee and as prescribed by a licensed health care professional, and to timely transfer detainees who need health care beyond facility resources at Adelanto.  (Id. ¶¶ 17, 21.)

On August 8, 2017, Mr. Aranda, who was forty-four years old, was transferred from the San Bernardino County Jail to Adelanto.  (Id. ¶ 13.)  He had pending administrative proceedings regarding his immigration status, as well as other issues.  (Id.)  At the time, Mr. Aranda had suffered from Type 2 Diabetes for many years.  (Id.)  Prior to his transfer to Adelanto, he was managing his health with appropriate medical care and did not have any serious complications.  (Id.)

Plaintiffs allege that GEO failed to provide continuity of medical care from the time of Mr. Aranda's arrival at Adelanto in August 2017 to his transfer on February 14, 2018.  (Id. ¶ 14.)  In particular, GEO failed to provide the proper medication, examinations, treatments, and health care necessary to manage Mr. Adelanto's health condition.  (Id.)  GEO also failed to obtain Mr. Aranda's medical history in order to determine his proper plan of care.  (Id. ¶ 16.)

Mr. Aranda informed Defendants of his health conditions, including Type 2 Diabetes.  (Id. ¶ 18.)  He also informed Defendants that he was prescribed and taking specific medications for his medical condition, and that he required a specific diet to manage his Type 2 Diabetes.  (Id.)  Defendants had knowledge of Mr. Aranda's Type 2 Diabetes diagnoses.  (Id. ¶ 19.)

However, GEO denied Mr. Aranda access to the correct medications necessary to treat his health condition and instead administered medications with insufficient information about the identity and nature of the medication.  (Id. ¶ 18.)  Mr. Aranda experienced adverse reactions from ingesting this medication.  (Id.)  He and his co-detainees attempted to alert GEO employees and personnel of Mr. Aranda's declining health condition, but their efforts were futile.  (Id. ¶ 20.)  On multiple occasions, Defendants ignored Mr. Aranda's medical condition and failed to facilitate timely and appropriate emergency medical treatment.  (Id.)

Due to the lack of care, Mr. Aranda experienced unnecessary pain, discomfort, anxiety, humiliation, and suffering during his detention.  (Id.)  Mr. Aranda's health began to deteriorate.  (Id. ¶ 22.)  Even then, Defendants failed to facilitate timely and appropriate access to off-site treatments.  (Id.)

Mr. Aranda was hospitalized and directly placed into a local hospital by GEO personnel.  (Id. ¶ 23.)  On February 14, 2018, Mr. Aranda was released from Adelanto.  (Id.)  On September 14, 2019, Mr. Aranda died.  (Id. ¶ 31.)

Plaintiffs allege that they are entitled to compensation for the damages caused by Defendants' wrongful conduct resulting in Mr. Aranda's death.  (Id.)

### III.   LEGAL STANDARD

**A.  Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") tests the legal sufficiency of the claims asserted in a complaint.  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Factual allegations must be enough to "raise a right to relief above a speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Id.; see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).  In considering a Rule 12(b)(6) motion to dismiss, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

## IV.   DISCUSSION

GEO argues that Plaintiffs repeat the same mistake that had plagued the Complaint: inadequately pleading causation. (See Mot.) In GEO's view, Plaintiffs fail to show a causal link between GEO's allegedly inadequate provision of medical care to Mr. Aranda prior to his release from GEO custody on February 14, 2018 and his death on September 14, 2019. (Id. at 5–18.) Plaintiffs argue that they have demonstrated proximate cause because they allege that GEO's conduct aggravated Mr. Aranda's medical conditions. (See Opp'n.)

Section 377.60 of the California Code of Civil Procedure "authorizes a wrongful death action by specified persons including the decedent's spouse and children." Ruiz v. Podolsky, 50 Cal. 4th 838, 844 (2010). The elements of a wrongful death claim are "(1) a 'wrongful act or neglect' on the part of one or more persons that (2) 'cause[s]' (3) the 'death of [another] person.'" Norgart v. Upjohn Co., 21 Cal. 4th 383, 390 (1999) (quoting Cal. Code Civ. Proc. § 377.60). The requisite causation for a wrongful death action mirrors that of a negligence claim: a plaintiff "must demonstrate that the defendant's conduct was a substantial factor in bringing about the injury or death." Sinclair for Tucker v. Twitter, Inc., 2019 WL 10252752, at *7 (N.D. Cal. Mar. 20, 2019); see also Bromme v. Pavitt, 5 Cal. App. 4th 1487, 1497 (1992) (noting that "[t]o be a cause in fact [under Section 377.60], the wrongful act must be 'a substantial factor in bringing about' the death" (citing Mitchell v. Gonzales, 54 Cal. 3d 1041, 1052–53 (1991))).

In the MTD Order, the Court concluded that Plaintiffs failed to state a claim, largely due to their misleading allegations that GEO had failed to provide Mr. Aranda with medical care from August 2017 to September 2019. (MTD Order at 5.) Because Mr. Aranda was released from GEO custody on February 14, 2018, GEO would not have treated him between February 14, 2018 and September 2019 or owed him a duty of care during this time period. The Court, therefore, found that it could not discern the extent of GEO's purported negligence or reasonably infer causation. (Id. at 5–6.)

Plaintiffs have corrected this issue in the FAC. They allege that GEO "willfully and/or negligently failed to provide reasonable supervision, and management of DECEDENT's health care needs" between "August 2017 and through February 14, 2018." (FAC ¶ 34.)

Moreover, Plaintiffs plead sufficient facts to infer causation. They allege that Defendants "failed to perform proper physical examinations in response to DECEDENT's complaints," "failed to pursue DECEDENT's medical record history which was necessary to the stability and control of DECEDENT's medical condition upon his arrival at Adelanto," "denied DECEDENT access to proper medications to treat his health Type 2 Diabetes," "failed to

facilitate timely emergency care and appropriate access to off-site treatments," and "did not provide an appropriate diet."  (Id. ¶ 35.)  Plaintiffs allege that these actions caused Mr. Aranda to "suffer[] sever injuries and ultimately, a deterioration of his health" from "Type 2 Diabetes at the time of his arrival at Adelanto to severe kidney disease and other irreversible conditions."  (Id. ¶¶ 24, 30, 36.)  The deterioration was "rapid" and continued until his death.  (Id. ¶ 39.)  Plaintiffs further allege that Mr. Aranda was not timely released until February 14, 2018 to be transferred to a hospital for his medical conditions and that he remained hospitalized for multiple weeks "as a result of the substandard care he received at Adelanto."  (Id. ¶¶ 22–23, 30.)  Plaintiffs allege that Mr. Aranda's "doctors opined that the injuries done to DECEDENT's health at the hands of GEO was irreversible."  (Id. ¶ 23.)  Taken as true, these allegations show that GEO's alleged conduct was a substantial factor in bringing about Mr. Aranda's death.

Because Plaintiffs have established causation, they state a plausible wrongful death claim for negligence.  Accordingly, the Court DENIES the Motion.

## V.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.  The hearing set for September 12, 2022 is VACATED.

**IT IS SO ORDERED.**